## THE PEOPLE EX REL., ETC.,
## V.
## JESSE MAYS.

1. COUNTY BOARD REMOVING SCHOOL SUPERINTENDENT.—A county board is not required to recite in its record the cause of removal of a school superintendent in the precise words of the statute. Where the record recited that a school superintendent was removed for " omission of duty," and the board found that through intoxication he had at various times neglected his duties. *Held*, that this amounted to " palpable" omission of duty.

2. SAME—PROCEDURE.—The fact that such person was removed without having notice of the contemplated action by the board, and was not given an opportunity of making a defense, can not avail him. Where the statute fails to prescribe any particular method of procedure when exercising the jurisdiction conferred, such tribunals are not confined to any legal rules of evidence in determining the facts upon which it is required to act.

ERROR to the Circuit Court of Fayette county; the Hon. JESSE J. PHILLIPS, Judge, presiding. Opinion filed November 27, 1885.

Upon leave obtained, the State's attorney of Fayette county, upon the relation of Benjamin F. Shipley, filed in the circuit court an information in the nature of a *quo warranto*, setting forth that the relator was, on Nov. 7, 1882, duly elected county superintendent of schools of said county, for the term of four years, and duly qualified and entered upon the duties of said office.

That the defendant intruded into said office and for the period of one hundred and twenty days had unlawfully held and exercised the duties of said office, and still continues so to do without right or title thereto, and prays that he may show by what warrant he so acts. The defendant answered, asserting his right to the office by virtue of certain proceedings had by the board of supervisors of said county at their meeting in March, 1884, substantially as follows:

Hankins, member of the board, after a preamble reciting that there had come to the ears of the members of the board of supervisors information that B. F. Shipley, county super-

intendent of schools, had scandalized his office by being found drunk, etc., introduced the following resolution :

" Be it resolved that this board appoint a committee of three of its members to investigate and report as to the facts of the intoxication of B. F. Shipley on various occasions, and also investigate questions as to legal power of the board of supervisors to remove him (Shipley) from his said office of county superintendent of schools, etc." Resolution adopted.

Chair appointed Hankins, Clark and Snerley, to act as such committee. Committee report back to board as follows :

" Your committee, to whom was referred the matter of examining into the legal grounds for the dismissal of B. F. Shipley from the office of superintendent of schools, and consult counsel, etc., would beg leave to submit the following report on the matter before them : That we have consulted Messrs. Henry and Farmer as to counsel, and have examined witnesses as to Mr. Shipley's neglect of the duties of the office, and find from the evidence gained that he has at several different and sundry times been intoxicated when attending, or at the time he should have been attending, to the duties of his office. And it is the opinion of your committee that in consequence of intoxication he has at numerous times been guilty of neglect of the duties of his office, which fact we believe can be proven by competent evidence. All of which is respectfully submitted.

GEO. W. HANKINS, Chairman."

On motion of Mr. Parks, ordered that report be adopted.

Mr. Frailey introduced and moved the adoption of the following :

" Ordered by the board of supervisors of Fayette county, that Benjamin F. Shipley be and he is hereby removed from the office of superintendent of schools of Fayette county, for omission of duty, and said office is hereby declared vacant."

Motion carried by aye and nay vote.

On motion, board of supervisors proceeded to elect by ballot a successor to Benjamin F. Shipley as superintendent of public schools of said county, and that the respondent, Jesse Mays, was then and there duly elected by said board of supervisors to fill said vacancy.

The People v. Mays.

The answer then avers that the defendant qualified by giving bond and taking the oath of office, and was commissioned by the governor, and that he obtained possession of the books, papers, records, etc., belonging to the office, by an order of the circuit court of that county, entered in conformity with § 217 of the Criminal Code of the State.    To the answer setting out these facts *in extenso*, the relator interposed a demurrer, which was overruled by the court, and the relator abiding, final judgment for costs went against him, and he caused the record to be removed into this court by writ of error.

Mr. F. M. GUINN and Mr. B. W. HENRY, for plaintiffs in error; that the record must show that the relator was removed for some cause known to the law, cited State v. McGarry, 21 Wis. 496; People v. Higgins, 15 Ill. 110; Clark v. People, 15 Ill. 216; Donahue v. Will Co., 100 Ill. 94.

Notice should have been given: State v. Prince, 45 Prince, 611; McGregor v. Bd. of Supervisors, 37 Mich. 388; Queen v. Saddlers Co., 10 House of Lords, 404; Wade on Notice, § 1187.

Messrs. WEBB & COX, for defendant in error; that notice was not required, cited Illinois Statutes, Ch. 122, § 13, 1881; People v. Higgins, 15 Ill. 110; Wilcox v. People, 90 Ill. 186; People v. Stout, 11 Abb. (N. Y.) Pr. 171; State v. McGarry, 21 Wis. 496; Holbrook v. Township Trustees, 22 Ill. 539.

PILLSBURY, P. J.   It is provided by Sec. 5, Art. VIII of the constitution that " There may be a county superintendent of schools in each county whose qualifications, powers, duties, compensation, and time and manner of his election and term of office, shall be prescribed by law."   Acting under this authority, the legislature, by § 11 of the General School Law, provided for the election by the people of each county of a superintendent of schools on the Tuesday after the first Monday of November, 1873, and every four years thereafter, who should perform the duties required by law, and by § 13

of the same act made him liable to removal by the county board for any palpable violation of law or omission of duty. The constitution places no limitation upon the power of the legislature as to the term of office, the time and manner of the election, or the qualifications of such officer, leaving all these matters under the entire control of the legislative department of the State government to be provided for as it saw fit and proper.

In prescribing the time that any person might hold the office it could impose any limitations or conditions it desired, and could, without doubt, confer upon any body it might select, the power of amotion. Respecting these matters its power would seem to be plenary. If the legislature has power to confer upon the county board the authority to remove a county treasurer whose election and term of office are provided for by the constitution, as was held it had in Donahue v. Will County, 100 Ill. 105, there can be no valid reason for saying it does not possess as great power respecting an officer where all the conditions upon which he holds the office are left to legislative discretion. The case referred to is a complete answer to the argument of relator that the power is too dangerous to be intrusted to such a body as a board of supervisors. It may be as suggested that in individual cases the members of the board may act from political prejudice, or without a due regard for the public interests, and remove a faithful officer when the reason assigned upon the record for their act is not in fact true. If such should be the case the people themselves are to blame for electing men with so little honor to represent them upon the county board. The remedy is in their own hands, by electing men who are above being actuated by party passion or prejudice, or of violating their oaths of office by countenancing the entry of a falsehood upon their record.

This power must be vested in some tribunal, and we are not to assume that it will be exercised arbitrarily for political reasons or otherwise abused by the county board any sooner than it would be by any other tribunal invested by the law with like power. The power of removal is limited to certain

causes specified in the statute, and the members of the county board, in each determining for himself whether such cause in fact exists, acts under the solemnity of his official oath, and he has the same fears of the pains and penalties attached to its violation, and the same inducements to fairly and honestly perform his duties under it, that any judicial or any other executive officer would have who was charged with the performance of the same duty.

With the policy of the statute conferring this power upon the county board we have nothing to do. If the people, through their representatives, have legally intrusted such power to the county board, as we have seen they have, we should rest content therewith and confine ourselves to the inquiry whether such tribunal has kept itself within the jurisdiction conferred. This must be determined from the record it has made. It is urged that the record of the board as set forth in the plea does not show that the relator was removed for either of the causes specified in the statute; that he was not found guilty of a "palpable" omission of duty, the record simply stating that for "omission of duty" he was removed. We have been referred to no authority, neither do we know of any, that requires the board to recite in its record the cause of removal in the precise words of the statute. If the cause stated and that prescribed by the statute are in substance the same, it would appear to be a sufficient compliance with the statute in this respect.

Thus in the case of Higgins v. The People, 15 Ill. 110, where the statute provided that the medical superintendent of the Illinois State Hospital for the Insane might be removed for infidelity to the trust imposed in him or incompetency to the discharge thereof, and the record recited that the reason for his removal was that "he does not possess the kind of qualifications which are necessary to the proper discharge of the duties of said office," this was held sufficient, the court saying, "unless the board were bound to adopt the precise language of the statute it can not well be denied that the cause assigned for removal was sufficient; the substance is the same and that was sufficient.

So in Wilcox v. The People, 90 Ill. 186, where the governor removed the West Chicago Park Commissoners for incompetency, but employed, in his order for removal, the language of the order in Higgins' case, which, the court say, "was a delicate and inoffensive form of stating the cause of removal," but was considered as equivalent thereto and was sufficient.

In this case the committee appointed by the board to investigate the charges against the relator reported that they had examined witnesses as to his neglect of the duties of his office, and find, from the evidence gained, that he had at different times been guilty of intoxication when attending, or when he should have been attending to the duties of his office, and that it was the opinion of the committee that in consequence thereof he had at numerous times been guilty of neglect of the duties of the office, which they believed could be proved by competent evidence. Acting upon this report the board declared that for omission of duty he be removed and the office be declared vacant.

When the order of the board is considered in connection with the report of the committee. the character of the omission of duty is made clear, and amounts to a finding that through intoxication the relator has at various times omitted to perform the duties of his office. To have used the word "palpable," could not have made the matter any clearer, nor added any force to the finding of the board.

The finding that through intoxication he has at various times been guilty of neglecting his duties is tantamount to a finding of "palpable" omission of duty. We quite agree with counsel that the word "palpable," as here used in the statute, embraces the idea of an intentional and substantial failure to perform the duties imposed by law, partaking of the nature of a willful or gross neglect of the officer to attend to his duties. It would be a too restricted use of the word to give it the sense only of "easily perceived," "plain," or "obvious," as such a construction would make the officer liable to removal when he had omitted to perform any of the duties of the office, although his failure to perform the same may have occurred through ac-

The People v. Mays.

cident, mistake or some personal inability, arising from illness or other cause, for which he might not be in any degree re- sponsible, which certainly could not have been contemplated by the legislature as a cause for removing him.   Through a mistake, that any one is liable to make, he may present an erroneous report to the county board, showing his receipts and disbursements, and such report therefore be untrue as a matter of fact, and an examination of his books would plainly show the incorrectness of it, yet if it should also appear that the error was not intentional, but the result of a mistake of the officer, it would certainly not be contended that he would thereby render himself liable to be removed by the board. But if it appeared to be a willful act, upon his part, done with the design to wrong the county, there could be no question that the board not only could, but should, remove him.

Still it must be remembered that an officer is responsible for all those conditions and situations into which he places him- self voluntarily, and which naturally result in incapacitating him for the proper discharge of his duties; and where, as in this case, as found by the board, his omission of duty results from voluntary intoxication, such neglect of duty can not but be treated as equivalent to a willful disregard of the rights of the public to have the duties imposed by the law upon the of- ficer promptly and properly performed.

Again it is urged that without notice to the relator, of the time and place of hearing before the board, no jurisdiction was obtained of his person, and the order was therefore void; and further, that as the board heard no evidence, as it should have done, and determined therefrom whether the cause ex- isted for his removal, the order is invalid for this reason also. These two objections may well be considered together.   That there is great force in the point made that the relator was re- moved without having notice of the contemplated action by the board and being given an opportunity of making a defense, if any he had, must be admitted, and did we consider it an open question in this State, we are not prepared to say it would not prevail.

In Higgins' case, *supra*, the same objections were taken to

The People v. Mays.

the proceedings, and the Supreme Court say that "the statute has made none of these formalities necessary, nor does the common law so interpose and attach itself to the statute so as to require them; and it was further held that the trustees in determining as to the existence of the cause of removal, might act upon their own observation and exercising their own best judgment, as well upon facts detailed by others as upon the opinions of witnesses."

The doctrine of this case was commented upon and re-affirmed in Wilcox et al. v. The People, *supra*, where the same objections were taken to the action of the governor and a like conclusion reached regarding them as in Higgins' case, and it was further said: "In other cases this court has decided that where the law has invested a *quasi* judicial power, even in subordinate administrative officers, the court will only inquire whether the officer has acted within the power, and will not attempt to substitute its own judgment or discretion for that of the officer, and will not supply any other conditions to the exercise of their discretionary power than such as the law has provided."

These cases clearly show that where the statute fails to prescribe any particular method of procedure, when exercising the jurisdiction conferred, such tribunals are not confined to any legal rules of evidence in determining the facts upon which it is required; nor is it required to adopt or act upon all those formalities deemed necessary by the courts of law as a basis for their action in adjudicating upon the rights of individuals. Neither will the courts require that such tribunal shall take any other or different steps precedent to final action than the statute has declared essential.

The statute here has placed the power of removal in the county board without prescribing the method of procedure or requiring any specific kind or character of evidence upon which it can only act, but has left the board to determine whether the statutory cause for removal exists in any manner that knowledge of the fact may come to it and be considered of that credible character that convinces the minds of the members of the board, acting under their official oaths, of the

existence of the facts showing cause for removal.   Some cases have been referred, as holding that notice to the party removed was essential to action by the removing power, but it is believed that such decisions were made under statutes prescribing the mode of procedure and are therefore not applicable here ; but if not, the decisions of our own court must be our guide in applying the law to the facts of the present case.

It is earnestly insisted, however, that as the removed parties in those cases were the appointees of the removing power, they can not apply where the officer is elected by the people for a definite term.

As we have seen, it was expressly held in Donahue's case, *supra*, that the power and authority was well conferred upon the county board to remove an officer whose office was provided for and his term of office fixed by the constitution, and, for weightier reasons, might it be invested with the power of removal where the office may be said to be a legislative one, and the term fixed by statute.

It is enough, perhaps, to say upon this point, that the power of removal is derived from the statute, and is not made by it to depend upon the source of the officer's right to the office.

For the reasons given, we think the court below committed no error in overruling the demurrer to the plea, and its judgment will be affirmed.

Judgment affirmed.